### WARD v. HODGES et al.

(Supreme Court, Appellate Division, First Department. March 19, 1909.)

PLEADING (§ 317*)—BILL OF PARTICULARS—ACTION AGAINST MEMBERS. OF ASSOCIATION—CLAIM FOR SERVICES OF SCULPTOR.

In an action by a sculptor to charge the members of a voluntary association with liability for his services in making a statue, based on a written contract with the chairman of a committee, plaintiff should be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

required to furnish a defendant, not claimed to be a member of the committee, a bill of particulars as to the date when the design was submitted and accepted, and to what person, and as to the names of the defendant or defendants who requested plaintiff to proceed with the work, or expressed satisfaction or approval thereof, or furnished articles to be used as models, or requested changes to be made in the statue, or to delay the work thereon, or approved the design, with the date thereof, or gave notice that they would not receive or accept it; but he should not be required to give the particulars of the relations of defendants with each other, the date when and the manner in which the member who executed the contract was authorized to act, the names of defendants who permitted him to proceed with the work, or knew of and approved the changes, the date when and the manner in which the design was accepted by the society, in what manner the statue differed from the model or the names of the defendant or defendants who promised to pay for the work, where it was alleged that all of them promised to do so.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 958–962; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Action by John Q. A. Ward against Henry C. Hodges, impleaded with others. From an order directing plaintiff to furnish defendant Hodges with a bill of particulars of the claim specified in the complaint, plaintiff appeals. Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and SCOTT, JJ.

John A. Dutton, for appellant.
Philip J. McCook, for respondents.

INGRAHAM, J. The action is to charge the defendants, who were members of a voluntary association, with liability for the services of the plaintiff as a sculptor in making a statue of Gen. Sheridan. There was a written contract, which was annexed to the complaint, and which is dated, "Headquarters of the Society of the Army of the Cumberland, Washington, April 23, 1892," by which contract the plaintiff agreed with the said Society of the Army of the Cumberland, by J. S. Fullerton, chairman of its committee, to model and complete, in fine bronze, an equestrian statue of the late Lieut. Gen. Philip H. Sheridan, in substantial accordance with the design theretofore submitted and accepted by the said Society of the Army of the Cumberland, and to deliver the same at the city of Washington by the 1st of July, 1898; and the Society of the Army of the Cumberland agreed to pay to the plaintiff the sum of $32,500 when the statue was completed and delivered at the city of Washington—the sum of $2,500 having been paid at the time of the execution of the contract. It is then alleged that "subsequent to the making of said contract, and after the plaintiff had begun the performance thereof, the defendants, with full knowledge of said contract and that the plaintiff was engaged in the performance thereof, and of all the facts in any way connected therewith or relating thereto, acquiesced therein, approved thereof, and adopted and duly ratified said contract"; that the defendants never, at any time, erected a pedestal for said statue, but subsequent to July 1, 1898, the defendants permitted and requested the plaintiff to pro-

ceed with the work and labor and expense of making said statue, and from time to time expressed satisfaction and approval of the work and progress which the plaintiff was doing and making thereon, and the defendants subsequently waived the conditions of said contract requiring the completion and delivery of said statue on or before the 1st day of July, 1898, and extended the time for the plaintiff to complete and deliver the same for and until a reasonable period of time subsequent to January 3, 1907; that the plaintiff proceeded to model and construct, with clay and other materials, and in substantial accordance with a design submitted to and accepted by said the Society of the Army of the Cumberland, prior to making the said contract, an equestrian statue of Gen. Sheridan, the design and execution of which was approved by the defendants, and the plaintiff had the same substantially ready for enlargement and the casting therefrom of a bronze statue, when, about June 26, 1906, and January 3, 1907, the defendants gave notice to the plaintiff that they would not receive or accept said statue, or any statue, of said Gen. Sheridan made by the plaintiff, or pay for the same, and would not complete their said contract, and the defendants did not at any time erect a pedestal for said statue, whereby the defendants abandoned the said contract and have ever since wholly failed to perform the same; that the plaintiff was ready and willing to perform and complete the said contract on his part, but that the defendants violated the same, to the plaintiff's damage of $32,500, of which was paid $2,500, and the complaint demands judgment for the sum of $32,500.

The defendant Hodges answered by denying knowledge or information sufficient to form a belief as to the allegations of the complaint, and sets up the statute of limitations and other defenses. Upon motion of the defendant the court ordered a bill of particulars. The defendant is sued as a member of this society. It is not claimed that he was one of the committee who directly made the contract. From the nature of the case it would be unreasonable to compel the plaintiff to give the particulars of the relations of the defendants with each other. He was employed by the chairman of the committee of the society who made a contract with him. The authority of that committee will have to be proved to a large extent by circumstantial evidence, and it does not seem reasonable to require a plaintiff to specify the evidence by which a member of such a society authorized its committee to make contracts on behalf of the society. The liability of the defendant must depend upon the nature of the association, whether from the object of the association and the authority given to its officers they had authority to make such a contract on behalf of the association which would either expressly or by implication bind its individual members.

The first clause of the order requires the defendant to give the particulars of the date when and the manner in which Fullerton, who executed the contract, was authorized to act for the society. That would be a statement of evidence, and for that I do not think the plaintiff should be required to give the particulars; and the same applies to the second and third clauses of the order. The fourth requires the plaintiff to specify the date when the design was submitted

to the Society of the Army of the Cumberland, to what person said design was submitted, and at what date it was accepted. As to that, I think the defendant is entitled to the particulars. In the fifth clause the names of any defendant or defendants who permitted or requested the plaintiff to proceed with the work is required. The words "permitted or" should be stricken out; but the names of the defendants who requested the plaintiff to proceed with the work stated in the sixth, and the name of the defendant or defendants who expressed satisfaction or approval of the work should be stated. In the seventh the names of the defendant or defendants who furnished to the plaintiff articles to be used as models should be stated. In the eighth, the names of the defendants who requested the plaintiff to make changes in the statue should be stated. In the ninth, the names of the defendant or defendants who requested the plaintiff to delay the work upon the statue should be stated. In the tenth, which requires the plaintiff to specify the date when and the manner in which the said design was accepted by the said society, that should not be allowed, as the plaintiff should not be restricted in his proof as to the acceptance of the design by the society. In the eleventh the plaintiff is required to specify the names of the defendant or defendants who approved of the design or execution of the statue with the date. I think these particulars should be stated. The twelfth required that the names of the defendant or defendants who, as is alleged in the amended complaint, gave notice to the plaintiff that they would not receive or accept said statue, should be stated. In the thirteenth the plaintiff is required to give particulars of the names of the defendant or defendants who knew of, approved of, or requested such changes. It is quite impossible for the plaintiff to furnish a statement of the knowledge of the defendants, and I think this clause of the order should be restricted to the names of the defendants who requested the changes in the statue. The words "knew of, approved of or," should be stricken out. The fourteenth requires a statement showing in what manner the statue differed from the model. I think that should be stricken out. That does not seem to be a statement that could be specified in a bill of particulars. The plaintiff was also required to give the particulars of the second cause of action, and the name of the defendant or defendants who promised to pay for the work; but, as the second cause of action alleged that all the defendants promised to pay, I do not see how that could be made more particular, and the fifteenth clause of the order is stricken out.

The order should be modified, by striking out the first, second, third, tenth, fourteenth, and fifteenth clauses of the order, and the fifth and thirteenth clauses of the order modified, as before stated; and, as modified, the order is affirmed, without costs. All concur.